Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| YOLANDA APONTE QUIÑONES<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO (NSE)<br><br>Recurrido | KLRA202400235 | *Revisión Administrativa* Procedente del Departamento del Trabajo y Recursos Humanos<br><br>Sobre: Inelegibilidad a los beneficios del *"Pandemic Unemployment Assistance" (PUA), Coronavirus, Aid, Relief and Economy Security Act",* Ley Pública 116-136 (CARES) del 26 de marzo de 2020 Apel. Núm.: PUA-07636-23 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de julio de 2024.

Comparece por derecho propio la Sra. Yolanda Aponte Quiñones (en adelante, "señora Aponte Quiñones o recurrente") con interés en que revisemos la decisión emitida el 3 de abril de 2024,[1] por el Secretario del Departamento del Trabajo y Recursos Humanos (en adelante, "DTRH"). La referida decisión confirmó la resolución del Árbitro de la División de Apelaciones del DTRH que declaró inelegible a la recurrente para recibir los beneficios del seguro por desempleo, a tenor con la **Ley de Ayuda, Alivio y Seguridad Económica por Coronavirus** conocida por sus siglas en inglés como la Ley CARES (en adelante, "Ley CARES").[2]

---

[1] Notificada el 10 de abril de 2024.
[2] Coronavirus Aid, Relief, and Economic Security (CARES) Act. 15 USCA sec. 9001 *et seq.*

Luego de examinar el recurso, resolvemos **confirmar** la determinación recurrida.

**-I-**

Del expediente ante nos surge que el **29 de julio de 2021**, el Negociado de Seguridad de Empleo (en adelante, "NSE"), emitió la *Carta Núm.: L0014191089* dirigida a la señora Aponte Quiñones sobre *"Determinación de Asunto No Monetario Verificación Laboral"*,[3] en la cual, le notificaron lo siguiente:

> *[U]sted no cumple con los requisitos de elegibilidad del programa para la semana que termina el 02 de enero de 2021, bajo la Sección 2102 del CARES Act, Ley Número 116-136.*
> *El Departamento del Trabajo y Recursos Humanos (DTRH) ha revisado la documentación que usted presentó para acreditar que tuvo (o iba a tener) un empleo o trabajo por cuenta propia (previo a verse afectado por la emergencia causada por el COVID19). Luego de esta revisión, el DTRH ha determinado que los documentos presentados por usted no son suficientes para realizar dicha acreditación. Por consiguiente, **usted no es elegible para recibir los beneficios de PUA**. [...].*[4]

Además, se le advirtió a la recurrente sobre su derecho a solicitar una reconsideración o apelación; lo cual hizo, el **11 de agosto de 2021**. En síntesis, solicitó una audiencia ante un árbitro por estar inconforme con la determinación del NSE.[5] La audiencia fue celebrada el **25 de octubre de 2023** mediante conferencia telefónica.[6]

El **27 de noviembre de 2023**,[7] la árbitro, Sra. Nadja Cardona Portalatin (en adelante, "Árbitro"), emitió una *Resolución* en la que hizo las siguientes determinaciones de hechos:

> 1. *La parte reclamante fue empleada por servicios profesionales de Gaither International desde diciembre de 2019 hasta marzo de 2020.*
> 2. *Tras la pandemia COVID-19, su trabajo se afectó específicamente porque, debido a la pandemia, la compañía para la cual trabajaba cerró. El cierre por pandemia no fue notificado por escrito.*
> 3. *La parte reclamante iba a comenzar a trabajar luego con el Censo 2020, entre abril y mayo 2020, pero debido a la pandemia se retrasó.*

---

[3] Anejo I del *Escrito en Cumplimiento de Resolución*, págs. 1 – 2.
[4] *Íd.*, pág. 1. *Énfasis nuestro.*
[5] Anejo IV del *Escrito en Cumplimiento de Resolución*, pág. 7.
[6] Anejos II y III del *Escrito en Cumplimiento de Resolución*, págs. 3 – 5, 6.
[7] Notificada el mismo día.

4. *Comenzó a trabajar en agosto y concluyó su trabajo con el Censo en octubre de 2020. Tenía una plaza de numeradora.*
5. *Luego de octubre de 2020, la reclamante estuvo sin trabajar hasta el 2023 cuando comenzó a trabajar en Mega Fresh en el área administrativa.*
6. *La parte reclamante no rindió planillas en los años 2019, 2020 ni 2021. Solo tiene como evidencia una 480 de Gaither International del 2020 con ingreso de $1,512.26 y una W2 del Censo de 2020 de $2,423.00.*[8]

En consecuencia, la Árbitro concluyó que las circunstancias de la señora Aponte Quiñones no estaba cobijada bajo los estatutos correspondientes, ya que no presentó, entre otros, el Registro de Comerciantes y la evidencia de ingresos para el año 2019–2020, por lo cual, no podía determinar cómo la pandemia afectó económicamente a la recurrente.[9] Por lo cual, confirmó la determinación del NSE, y la declaró inelegible para los beneficios de compensación del seguro por desempleo bajo la Ley CARES.[10]

Insatisfecha, el **12 de diciembre de 2023** la señora Aponte Quiñones sometió una *"Solicitud de Apelación ante el Secretario (PUA)".*[11]

Atendida la solicitud, el **3 de abril de 2024** la Directora de la Oficina de Apelaciones ante el Secretario del DTRH, la Lcda. María S. Hidalgo, emitió la *"Decisión del Secretario del Trabajo y Recursos Humanos"*,[12] en la que hizo las siguientes determinaciones de hechos:

1. *Se acogen por referencia, se incorporan y se hacen formar parte de esta Decisión las determinaciones de hechos de la Resolución de la cual se recurre.*
2. *Se añade que la reclamante-apelante en la vista ante el Árbitro **hizo admisión de parte bajo juramento en cuanto a que no tenía Certificado de Registro de Comerciante para el año 2020** con relación a su trabajo por servicios profesionales que perdió a causa de la pandemia del COVID-19.*
3. *La reclamante-apelante de igual forma **hizo admisión de parte de que no radicó planillas de contribución sobre ingresos para los años 2019, 2020 y 2021**.*

---

[8] Anejo IV del *Escrito en Cumplimiento de Resolución*, pág. 7.
[9] *Íd.*, pág. 8.
[10] *Ídem.*
[11] Anejo V del *Escrito en Cumplimiento de Resolución*, págs. 9 – 10. La Ley CARES de 2020 creó un programa federal temporero llamado **Asistencia de Desempleo Pandémico**, conocida por sus siglas en inglés como **PUA** (Pandemic Unemployment Assistance).
[12] Notificada el 10 de abril de 2024.; Anejo VI del *Escrito en Cumplimiento de Resolución*, págs. 11 – 15.

**4.** *El trabajo que la reclamante-apelante realizó para el Censo durante los meses de agosto a octubre de 2020* ***fue bajo contrato a corto plazo, por lo cual, este concluyó finalizado el término, no por razón de pandemia.***[13]

En consecuencia, concluyó lo siguiente:

*[L]a reclamante-apelante para el tiempo de pandemia trabajaba por servicios profesionales y como tal debió tener **un certificado de registro de comerciante vigente para el tiempo que reclama beneficios.** Precisamente ese fue el trabajo y los ingresos que se afectaron por la llegada de la pandemia. En cuanto a su trabajo del Censo, a pesar de que se retrasó, pudo realizarlo posteriormente y por el término acordado.*
***Ante el incumplimiento del requisito indispensable de certificado de registro de comerciante es inoficioso entrar en un análisis de la falta de evidencia de ingresos para el año 2019.***
*Analizados los argumentos presentados por la parte apelante y la documentación que obra en el expediente, entendemos que la prueba presentada y creída por la Árbitro sostiene la determinación apelada.*
[…].[14]

Así, confirmó la *Resolución* emitida por la Árbitro y reiteró la inelegibilidad de la señora Aponte Quiñones para recibir los beneficios de seguro por desempleo a tenor con la Ley CARES.

Inconforme con la determinación, el **9 de mayo de 2024** la señora Aponte Quiñones presentó por derecho propio ante este foro apelativo el recurso de revisión judicial que nos ocupa. En síntesis, catalogó de injusta la decisión de la agencia por denegarle los beneficios del seguro por desempleo, a tenor con la Ley CARES (PUA).

Finalmente, el **17 de junio de 2024** compareció el DTRH en cumplimento de orden; quedando perfeccionado el asunto para su adjudicación.

**-II-**

**-A-**

Es norma reiterada en nuestro ordenamiento que los tribunales apelativos han de conceder gran deferencia a las decisiones de los organismos administrativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que

---

[13] Anejo sometido por la recurrente, págs. 1 – 2. *Énfasis nuestro.*
[14] *Íd.*, pág. 4.

se les ha delegado.[15] Nuestro Tribunal Supremo estableció que las decisiones de las agencias administrativas gozan de una presunción de regularidad y corrección.[16] Por esto, es necesario que quien desee impugnar dichas decisiones presente evidencia suficiente para derrotar la presunción de validez de la que gozan las mismas y no descanse en meras alegaciones.[17]

Conforme lo ha interpretado nuestro más Alto Foro, la revisión judicial de este tipo de decisiones se debe limitar a determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción.[18]

**-B-**

En marzo de 2020, el Congreso de los Estados Unidos promulgó el *Coronavirus Aid, Relief, and Economic Security Act* (en adelante, "Ley CARES"),[19] mediante el cual creó un programa federal temporero llamado *Pandemic Unemployment Assistance* (en adelante, "PUA").[20]

A esos fines, Puerto Rico, como territorio de los Estados Unidos fue incluido en el PUA,[21] para combatir los efectos de la pandemia de COVID-19 y proveer un alivio a los trabajadores.[22]

> *En general, PUA provee hasta un máximo de treinta y nueve (39) semanas de beneficios para individuos cubiertos que no son elegibles para recibir compensación por desempleo regular, y que están desempleados o parcialmente empleados por ciertas razones específicas relacionadas al COVID-19. Incluye a cuentapropistas, aquellos en búsqueda de empleo a tiempo parcial, individuos sin suficiente historial de trabajo y aquellos quienes no cualifican para desempleo regular.[23]*

En la sección de definiciones, precisa que es un *Covered individual:*

**(3) Covered individual**

---

[15] *Batista, Nobbe v. Jta. Directores,* 185 DPR 206, 215 (2012).
[16] *González Segarra et al. v. CFSE,* 188 DPR 252, 276 (2013).
[17] *Pacheco v. Estancias,* 160 DPR 409, 431 (2003).
[18] *Mun. de San Juan v. CRIM,* 178 DPR 163, 175 (2010).
[19] 15 USCA sec. 9001 *et seq.*
[20] 15 USCA sec. 9021.
[21] 15 USCA sec. 9021(a)(5).
[22] Departamento del Trabajo y Recursos Humanos, Carta Circular Núm. 2020-04 del 15 de septiembre de 2020.
[23] *Íd.*

*The term "covered individual"--*

*(A) means an individual who--*

*(i) is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title;*

*(ii) provides self-certification that the individual--*

*(I) is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because--*

*(aa) the individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis;*

*(bb) a member of the individual's household has been diagnosed with COVID-19;*

*(cc) the individual is providing care for a family member or a member of the individual's household who has been diagnosed with COVID-19;*

*(dd) a child or other person in the household for which the individual has primary caregiving responsibility is unable to attend school or another facility that is closed as a direct result of the COVID-19 public health emergency and such school or facility care is required for the individual to work;*

*(ee) the individual is unable to reach the place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency;*

*(ff) the individual is unable to reach the place of employment because the individual has been advised by a health care provider to self-quarantine due to concerns related to COVID-19;*

*(gg) the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency;*

*(hh) the individual has become the breadwinner or major support for a household because the head of the household has died as a direct result of COVID-19;*

*(ii) the individual has to quit his or her job as a direct result of COVID-19;*

*(jj) the individual's place of employment is closed as a direct result of the COVID-19 public health emergency; or*

*(kk) the individual meets any additional criteria established by the Secretary for unemployment assistance under this section; or*

*(II) is self-employed, is seeking part-time employment, does not have sufficient work history, or otherwise would not qualify for regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title, and meets the requirements of subclause (I); and*

*(iii) provides documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment not later than 21 days after the later of the date on which the individual submits an application for pandemic unemployment assistance under this section or the date on which an individual is directed by the State Agency to submit such documentation in accordance with section 625.6(e) of title 20, Code of Federal Regulations, or any successor thereto, except that such deadline may be extended if the individual has shown good*

> *cause under applicable State law for failing to submit such documentation; and*
> **(B)** *does not include--*
> **(i)** *an individual who has the ability to telework with pay; or*
> **(ii)** *an individual who is receiving paid sick leave or other paid leave benefits, regardless of whether the individual meets a qualification described in items (aa) through (kk) of subparagraph (A)(i)(I). [...].[24]*

Con el propósito de mantener la integridad del programa de desempleo y atajar la posibilidad de fraude en programas federales, el Departamento del Trabajo de los Estados Unidos emitió el **11 de mayo de 2020** el *Unemployment Insurance Program Letter* (UIPL), No. 23-20. Asimismo, en Puerto Rico —en pos de combatir el fraude en los programas federales— el **15 de septiembre de 2020** emitió la *Carta Circular Núm. 2020-04*,[25] mediante la cual se estableció el Certificado de Registro de Comerciante como condición para ser elegible al PUA.[26] De igual forma, se hizo un acuerdo colaborativo entre el Departamento de Hacienda y el DTRH para compartir información vital de los solicitantes.[27]

**-III-**

Al examinar la Resolución recurrida resolvemos que el Secretario del DTHR no incidió en su decisión de denegarle a la señora Aponte Quiñones los beneficios del PUA para el desempleo bajo la Ley CARES. Explicamos.

Para solicitar y ser elegible a los beneficios del PUA hay que cumplir con ciertos requisitos, entre ellos tener un Certificado de Registro de Comerciante. Dicho requisito fue incumplido por la señora Aponte Quiñones, ya que ***admitió bajo juramento que no tenía Certificado de Registro de Comerciante para el año 2020 con relación a su trabajo por servicios profesionales que perdió a***

---

[24] 15 USCA sec. 9021(a)(3).
[25] DEPARTAMENTO DEL TRABAJO Y RECURSOS HUMANOS, CARTA CIRCULAR NÚM. 2020-04 del 15 de septiembre de 2020.
[26] *Íd.*
[27] Orden Ejecutiva Núm. 2020-053, *Para brindar acceso al Departamento del Trabajo y Recursos Humanos a la Información necesaria en manos del Departamento De Hacienda con el propósito de agilizar los procesos relacionados a los Programas de desempleo* (13 de julio de 2020).

*causa de la pandemia del COVID-19.* En consecuencia, el DTRH actuó correctamente al determinar que la recurrente era inelegible para recibir los beneficios solicitados.

A todas luces, la señora Aponte Quiñones no rebatió la presunción de corrección que cobija a la Resolución recurrida ni tampoco demostró de manera alguna que la actuación del DTRH hubiese sido arbitraria, caprichosa, ilegal, irrazonable o constituido un claro abuso de discreción.

En virtud de lo antes señalado, sostenemos la determinación del Secretario de confirmar la inelegibilidad de la recurrente para recibir los beneficios del seguro por desempleo del PUA, a tenor con la Ley CARES.

**-IV-**

Por los fundamentos antes expuestos, se **confirma** la decisión del Secretario del DTRH dictada el 3 de abril de 2024.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones